IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| REGIONS BANK, | * |
|     Plaintiff, | * |
| vs. | * |
| |     CASE NO. 3:12-CV-15 (CDL) |
| MICHAEL L. KEYSER and JAMES R. EDMUND, | * |
| | * |
|     Defendants. | |
| | * |

O R D E R

Plaintiff Regions Bank ("the Bank") brings this action against Defendants Michael L. Keyser and James R. Edmond (collectively, "Defendants"), alleging that Defendants are in breach of contract for failing to make payments on three promissory notes.[1]

Before this Court are Defendants' Motions to Dismiss (ECF Nos. 5 & 8).[2] Defendants, proceeding *pro se*, contend that the Banks's Complaint should be dismissed because (1) there is a parallel action pending in state court, (2) venue is improper in this Court, (3) service of process was improper, and (4) this Court lacks subject matter jurisdiction. Defs.' Mot. Dismiss ¶¶ 1-5, ECF No. 5 at 3.

---

[1] James Edmond's surname is incorrectly spelled "Edmund" in the Complaint.  The Court uses his correct surname in this Order.
[2] Defendants submitted identical Motions to Dismiss.  Subsequent citations are made only to ECF No. 5.

For the reasons set forth below, the Court denies Keyser's Motion to Dismiss and grants Edmond's Motion to Dismiss based upon a lack of subject matter jurisdiction over Edmond.

## FACTUAL ALLEGATIONS

The Bank alleges that Defendants defaulted on three loans: one loan extended to Defendants jointly and two loans extended to Keyser individually. Compl. ¶¶ 6, 8, 10, 12, 14, 16, ECF No. 1.

On June 22, 2007, Defendants obtained a loan from the Bank and executed a promissory note ("9001 note") for $54,421.50. Compl. Ex. A, Promissory Note 1, ECF No. 1-1 at 2.[3] Defendants failed to make payments, and the Bank notified Defendants that they were in default under the 9001 Note on January 13, 2012. Compl. ¶ 21; Compl., Letter from E. Durlacher to M. Keyser & J. Edmond (Jan. 13, 2012), Ex. B, ECF No. 1-1 at 5.

Keyser independently obtained two additional loans from the Bank. Keyser executed a promissory note ("9003 Note") for $21,860.00 on November 10, 2005. Compl. Ex. C, Promissory Note 1, ECF No. 1-1 at 8. Keyser executed a promissory note ("30001 Note") for $500,000 on January 22, 2008. Compl. Ex. E, Promissory Note 1, ECF No. 1-1 at 14. Keyser failed to make

---

[3] Defendants do not challenge the authenticity of the loan documents the Bank attached to the Complaint. Given that the documents are central to the Bank's claims and that their authenticity is not challenged, the Court may consider them in ruling on Defendants' Motions to Dismiss. *E.g.*, *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010).

payments on these notes, and the Bank notified Keyser that he was in default under both the 9003 Note and the 30001 Note on January 13, 2012.  Compl. ¶¶ 26, 31; Compl. Ex. D, Letter from E. Durlacher to M. Keyser (Jan. 13, 2012), ECF No. 1-1 at 11.

## DISCUSSION

### I.   Defendants' Motion to Dismiss for Improper Venue

Defendants contend that venue is improper in the Middle District of Georgia, Athens Division.  Although Defendants have not specified the statutory basis for their motion, the Court construes the motion to dismiss as one brought pursuant to Federal Rule of Civil Procedure 12(b)(3).

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). The Bank alleges that venue is proper in this district because Defendants live here.  Compl. ¶¶ 2-3.  Defendants maintain that they live in Lincoln County, which is in the Southern District of Georgia.  Defs.' Mot. to Dismiss 1, ECF No. 5.  Defendants however, did not submit an affidavit or any evidence establishing their alleged residence.  As a result, the factual statements in Defendants' Motion to Dismiss are insufficient to overcome the allegations of the Bank's Complaint at this stage of the proceedings.  Accordingly, the Court denies the Motion to Dismiss for Improper Venue.

**II.  Defendants' Motion to Dismiss for Insufficient Process**

In addition to their challenge based on venue, Defendants seek dismissal based on insufficient service of process. The Court construes Defendants' Motion to Dismiss as one brought pursuant to Federal Rule of Civil Procedure 12(b)(4). Edmond was served on March 6, 2012. Proof of Service, ECF No. 6. Keyser was served on March 30, 2012. Proof of Service, ECF No. 7. Defendants assert that the Bank did not properly serve Keyser, but they offer no argument or evidence to refute the Proof of Service filed by the Bank. Accordingly, the present record does not support dismissal on the basis of insufficient service of process.

**III. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants also contend that the Court lacks subject matter jurisdiction over this action. The district courts of the United States have jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy is more than $75,000, not including interest and costs. 28 U.S.C. § 1332(a)(1). Defendants contend that this Court does not have subject matter jurisdiction because complete diversity of parties does not exist. Additionally, Edmond argues that this Court does not have subject matter jurisdiction over the Bank's claim against him because the amount in controversy

4

does not exceed $75,000 as to that claim. The Court construes Defendants' Motion to Dismiss as one brought pursuant to Federal Rule of Civil Procedure 12(b)(1).

### A. Complete Diversity

The first question for the Court is whether complete diversity exists. "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated or has its principal place of business. 28 U.S.C. 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S. Ct. at 1192. "[I]n practice it should normally be the place where the corporation maintains its headquarters." *Id.*

The Bank's Complaint alleges that the Bank is an Alabama banking corporation and that Defendants are Georgia residents. Compl. ¶¶ 1-4. Defendants contend that the Bank is a Georgia corporation and, therefore, complete diversity does not exist. Defs.' Mot. Dismiss 2, ECF No. 5. Defendants have not submitted any evidence in support of their contention that the Bank is a

5

Georgia corporation. Defendants summarily assert that the Bank "[o]wns large amounts of land in the state" and "[h]as large district offices and branches." *Id.* These unsupported assertions, standing alone, are insufficient to establish that the Bank's principal place of business is in Georgia. Based on the present record, the Court finds that the Bank is an Alabama corporation and that the diversity of citizenship requirement under 28 U.S.C. § 1332 is satisfied.

 B. <u>Amount in Controversy</u>

The next question is whether the amount in controversy is met. The Bank alleges Edmond and Keyser are jointly and severally liable for breach of the 9001 Note. Compl. ¶ 23. The Bank asserts claims related to the 9003 Note and the 30001 Note only against Keyser and does not allege that Edmond is liable for these Notes. Compl. ¶¶ 28, 33.

When the Bank filed its Complaint, the amount in controversy for the 9001 Note was $51,735.22. Compl. ¶¶ 9, 23. Though the Bank may be able to recover additional interest if it receives a favorable judgment, the amount in controversy for the purposes of diversity jurisdiction is "exclusive of interest." 28 U.S.C. § 1332(a). The Bank contends that if it receives a favorable judgment, it will be entitled to attorney's fees in the amount of 15% of all principal and interest owed on the 9001 Note pursuant to O.C.G.A. § 13-1-11. Compl. ¶ 24. Even if the

6

Court were to include statutory attorney's fees as part of the amount in controversy, the addition of attorney's fees would only bring the amount in controversy at the time of filing to $59,495.50, well short of § 1332's $75,000 requirement.

Because the amount in controversy does not exceed $75,000 requirement, this Court does not have subject matter jurisdiction over the claim brought against Edmond, and the Court therefore grants Edmond's Motion to Dismiss for Lack of Subject Matter Jurisdiction.[4]

### IV. Defendants' Motion to Dismiss in Favor of Pending State Court Action

Finally, Defendants contend that even if the Court finds subject matter jurisdiction, proper venue, and proper service of process, the Court should decline jurisdiction in light of a parallel state proceeding: *Michael Keyser v. Regions Bank*, Civil Action File No. SU11CV1139 (Ga. Clarke County Super. Ct. Aug. 1, 2011) ("Clarke County Action"). Defs.' Mot. Dismiss 2, ECF No. 5. The Bank removed the Clarke County Action to this Court. *See generally* Notice of Removal, *Keyser v. Regions Bank*, 3:12-CV-00048-CDL (M.D.Ga. Apr. 19, 2012), ECF No. 2. Because the removal of the Clarke County Action to this Court precludes the possibility of inappropriate interference with a state court

---

[4] The Bank only asserted 28 U.S.C. § 1332 as a basis for subject matter jurisdiction (Compl. ¶ 5) and has not alleged that the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367.

proceeding, the Court denies the Motion to Dismiss in favor of a pending state court action.

CONCLUSION

For the reasons set forth above, the Court grants Edmond's Motion to Dismiss (ECF No. 8), and the Court denies Keyser's Motion to Dismiss (ECF No. 5).

IT IS SO ORDERED, this 14th day of June, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE